IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-00318-RBJ

MOVSES MIKAYELYN,

       Petitioner,

v.

JAUN BALTASAR, MARKWAYNE MULLIN,[1]
TODD LYONS, PAMELA JO BONDI,
in their official capacities,

       Respondents.

---

## ORDER DISMISSING HABEAS PETITION

---

Petitioner Movses Mikaelyn ("petitioner") brings the instant Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner alleges that his current immigration detention is unlawful. *Id.* He requests that the Court issue an Order to Show Cause to require U.S. Immigration and Customs Enforcement ("ICE") to explain under what statutory authority he is presently detained, and to provide him with a bond hearing or else release him under supervision. *Id.* at 7.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Markwayne Mullin has automatically been substituted as a party in his official capacity as Secretary of the Department of Homeland Security.

1

Respondents filed a response opposing release, although they clarified that his mandatory detention is pursuant to 8 U.S.C. § 1226(c).  ECF No. 8.  Therefore, to the extent petitioner requests that the Court issue an Order to Show Cause and to compel ICE to inform him of the statutory authority for his detention, his Petition is denied as moot.  With respect to petitioner's request that the Court order his release or a bond hearing, his Petition is hereby DENIED without prejudice.

Although represented by counsel, petitioner filed a form petition for a writ of habeas corpus (AO 242), and provides only a summary description of his factual circumstances and legal claim.  The Court thus construes his claim to the best of its ability.

Petitioner, a native and citizen of Armenia, is in removal proceedings.  ECF No. 1 at 3; ECF No. 4 at 3.  On February 16, 2024, an Immigration Judge ordered him removed in absentia.  ECF No. 1 at 3.  However, on July 18, 2024, petitioner successfully moved to reopen his proceedings.  *Id.*  Petitioner has a conviction to  a Colorado state offense that constitutes an aggravated felony under the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(M)(i) (offenses "involving fraud or deceit in which the loss to the victim or victims exceeds $10,000").  ECF No. 8 at 5.  Therefore, petitioner's detention during removal proceedings is mandatory.  *See* 8 U.S.C. § 1226(c)(1)(B), (c)(4) (requiring the Attorney General to "take into custody"

2

and detain any noncitizen who is removable "by reason of having committed" any aggravated felony).

Nevertheless, petitioner claims that he is being unlawfully detained because his conviction was reversed by the Colorado Court of Appeals.  ECF No. 1 at 6. Petitioner appears to argue his detention is therefore governed by 8 U.S.C. § 1226(a), entitling him to a bond hearing.  *See, e.g.*, *Martinez v. Baltazar*, 26-cv-00106-PAB, 2026 WL 194163, at *2 (D. Colo. Jan. 26, 2026) (explaining that under § 1226(a)(2), the Attorney General has the discretion to release a noncitizen on bond while removal proceedings are pending and that federal regulations provide that [noncitizens] detained under this section "receive bond hearings at the outset of detention").

Review of the Colorado Court of Appeals' decision, attached to petitioner's motion, belies his claim.  *See* ECF No. 1-3 (Exhibit B).  The Court of Appeals ("Court") found that the trial court failed to ensure that petitioner validly waived his right to counsel before denying his *pro se* motion for a new trial.  *See id.* at 6. Accordingly, the Court reversed the judgment denying his new trial motion and remanded the case for further proceedings on the same.  *Id.* at 6-7.  Consequently, the Court did not reach petitioner's other contentions on appeal.  *Id.* at 3.  His convictions still stand unless and until the trial court grants his motion and orders a

new trial or, if the motion is again denied, the Court of Appeals takes up petitioner's other assertions of error and reverses his judgment of conviction.

Accordingly, petitioner has not met his burden to show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[2]  28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S.C. 275, 286 (1941).   He remains convicted of an aggravated felony, making his detention during removal proceedings mandatory under 8 U.S.C. § 1226(c).  He has no statutory right to a bond hearing, and his Petition requesting one or release under supervision is therefore DENIED without prejudice.  If there is a change in circumstances—his motion for a new trial is granted or the Court of Appeals reverses his judgment of conviction—and ICE still will not provide him with a bond hearing, petitioner may again seek relief from this Court.

It is SO ORDERED.

Dated: March 26, 2026                    BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge

---

[2] In light of this conclusion, the Court does not address respondents' alternative argument that the Petition should be dismissed on account of petitioner's failure to exhaust his administrative remedies with respect to his claim.  *See* ECF No. 8 at 8-9.

4